**ORIGINAL**

FILED

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### (BID PROTEST)

NOV 1 2 2013

U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| **TORRES ADVANCED ENTERPRISE SOLUTIONS LLC,** | * | |
| | * | **CIVIL ACTION NO.:** _____ |
| **Plaintiff,** | * | |
| **V.** | * | 1:13-898 |
| **UNITED STATES,** | * | **COMPLAINT FOR INJUNCTIVE RELIEF** |
| **Defendant.** | * | |
| | * | |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, TORRES ADVANCED ENTERPRISE SOLUTIONS LLC ("TAES"),

by and through its undersigned counsel, complains of Defendant, UNITED STATES,

ACTING BY AND THROUGH THE UNITED STATES DEPARTMENT OF

DEFENSE, U.S. ARMY EXPEDITIONARY CONTRACTING COMMAND ("Army"),

and alleges as follows:

### NATURE OF THE CASE

This is a post-award bid protest action pursuant to 18 U.S.C. § 1491(b), seeking

injunctive relief against the Army in relation to the award of a contract for detainee

services at Joint Task Force, Guantanamo Bay, Cuba, pursuant to Solicitation No.

W91WRZ-13-R-0002 (the "GTMO Seminar Contract"). Torres is currently the

incumbent for the provision of the services contemplated by this contract, which includes

provision of seminars and library services for Guantanamo Bay ("GTMO") detainees.

The Request for Proposals ("RFP") for the GTMO Seminar Contract stated that it

would be awarded to the lowest priced proposal that was deemed technically acceptable.

By letter dated November 5, 2013,[1] the Army has indicated its intention to award the GTMO Seminar Contract to Global Dimensions LLC ("Global Dimensions") based on its bid of $5,926,940 – a price that is barely more than half of Torres' bid.

The Court should enjoin the award of the GTMO Seminar Contract to Global Dimensions because that award is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or alternatively because the award is not justified by the facts. 28 U.S.C. § 1491(b)(4); 5 U.S.C. §§ 706(2)(A), 706(2)(F). Global Dimensions' low bid unquestionably reflects a plan to staff the execution of the GTMO Seminar Contract by having personnel teach more than one seminar. As explained herein, the RFP failed to state whether offerors were permitted to propose staffing using that method. TAES did not configure its proposal in that manner because it believed, based on its experience as the incumbent, that approach was not feasible and would not be permitted by the government. The RFP was thus defective because it included this latent ambiguity. Alternatively, a plan to proceed in that manner reflects a misunderstanding by Global Dimensions of the technical requirements of the contract and/or a clearly erroneous conclusion by the Army that Global Dimensions' proposal was technically acceptable. In either case, the RFP thereby failed to comply with the Competition in Contracting Act ("CICA"), 10 U.S.C. § 2304 *et seq. See also* 41 U.S.C. § 3306(a)(1) (2011) (formerly codified at 41 U.S.C. § 253a(a)(1)).

By this post-award bid protect, TAES requests that this Court declare that the award of the GTMO Seminar Contract to Global Dimensions was arbitrary, capricious, and otherwise not in accordance with law and/or that it is not justified by the facts.

---

[1] The letter actually bears the date "November 5, 2012" but the reference to 2012 is indisputably a typographical error.

Plaintiff also requests that the Court issue a temporary restraining order and preliminary injunction enjoining the Army from proceeding with the award of the contract to Global Dimensions, and a permanent injunction directing the Army to take corrective action with regard to the language of the RFP and/or to reconsider the technical sufficiency of the proposals submitted for this contract, and to make a new award based on that corrected consideration.

## PARTIES

1.     TAES is a company that provides a full spectrum of language, teaching and instructional services, subject matter expertise, and program support to a variety of USG agencies. TAES is the incumbent on the current contract providing the services to detainees at Guantanamo Bay that is contemplated by the GTMO Seminars Contract.

2.     TAES is an interested party pursuant to 28 U.S.C. §1491(b) because TAES is the incumbent contractor currently providing the services contemplated by the GTMO Seminars Contract, and submitted a failed proposal for the award of that contract.

3.     The Army is an agency of the United States Government, located at the Department of the Army, 410th Contracting Support Brigade, Regional Contracting Office – Guantanamo Bay, Cuba, APO AE 09522-9998.

## JURISDICTION AND VENUE

4.     Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1491(b)(1).

## FACTUAL BASIS FOR PLAINTIFF'S CLAIM

5.     On or about March 5, 2013, the Army issued the RFP for the GTMO Seminars Contract, seeking proposals for a single award for the provision of services to

detainees at the detention facility located at Guantanamo Bay, Cuba. See Exhibit A. TAES is the incumbent currently providing those services.

6.  The detention facility at Guantanamo Bay is used by the Army to hold individuals who are accused of participation and/or complicity with acts of international terrorism, and the operation of the the facility is viewed by the government as a matter of national security.

7.  On March 22 and 27, 2013, and April 2 and 8, 2013, and May 24, 2013, the Army issued amendments to the RFP, ultimately extending the due date for proposals to June 7, 2013. See Exhibit A.

8.  Section 5.4(j) of the Performance Work Statement (attached as Exhibit A) stated:

> Each seminar instruction shall last between 60 and 90 minutes. Seminar instruction may be held more than once per day, 6 days a week, during normal working hours depending on classroom availability and/or demand. Maximum class size should be about 20 detainees per seminar.

9.  In addition, Amendment 4 of the RFP (attached as Exhibit A) included the following information, which was "provided to offerors as historical data for proposal submission purposes" and was not to be included in the resulting contract:

- Weekly average for all seminars provided is as follows:

| Art | 6 |
|---|---|
| Arabic/English | 10 |
| Pashtu/English | 5 |
| Life Skills | 5 |
| Horticulture | 6 |
| Science | 5 |
| Nutrition | 5 |
| Total Hours | 42 |

10.  Neither the Performance Work Statements (PWS), nor the RFP, nor any portion of Amendment No. 4 or any other part of the solicitation provided any

explanation of the number of individuals necessary to cover these obligations given the unique logistic circumstances of the Guantanamo Bay detention facility.

11.    Nevertheless, based on its familiarity with these services as the incumbent providing them, TAES configured its proposal with one individual designated to teach each of the subject matter seminars (Art, Arabic/English literacy, Pashtu/English literacy, Life Skills, Horticulture, Science, and Nutrition), and not to use any single individual for two or more seminars. See Exhibit B. TAES formed this belief based on the need to cover multiple seminars that could be scheduled (or rescheduled) during overlapping time slots, making it necessary to have separate personnel available to comply with the obligation to teach the seminars at the times that the facility deems appropriate according to discipline and security concerns. See Exhibit B.

12.    The PWS and the amendments did not specify that one individual would be now be able to teach multiple subjects, and, TAES had no reason to believe that another offeror would interpret the language of the RFP to permit the configuring of a proposal using a single individual for two or more different seminars.

13.    On or about June 7, 2013, TAES submitted a proposal in response to the RFP for the GTMO Seminars Contract using the staffing approach it believed necessary and appropriate based upon the language of the RFP and based on its experience as the incumbent providing these services. Based on this understanding of the technical requirements of performance of the contract, TAES submitted a bid that was nearly double the awarded contract value.

14.     By letter dated November 5, 2013,[2] the Army notified TAES that it had

awarded the GTMO Seminars Contract to Global Dimensions, with a total contract value

of $5,926,940.00.

15.     In its written debriefing on November 5, 2013, the Army indicated that

both TAES' and Global Dimensions' proposals had been deemed technically acceptable,

and that the contract was awarded to Global Dimensions because its proposal was for a

lower price.

**COUNT I –**
**THE AWARD TO GLOBAL DEVELOPMENT IS ARBITRARY, CAPRICIOUS,**
**OR OTHERWISE CONTRARY TO LAW IN THAT A LATENT AMBIGUITY**
**CREATED AN UNLEVEL PLAYING FIELD FOR OFFERORS**

16.     TAES hereby incorporates by reference the allegations contained in

paragraphs 1 through 15 of this Complaint above, as if fully set forth herein.

17.     The Competition in Contracting Act ("CICA"), 10 U.S.C. § 2304, *et seq.*,

requires full and open competition among offerors for federal contracts. *See also*

41 U.S.C. § 3306(a)(1) (2011) (formerly codified at 41 U.S.C. § 253a(a)(1)).  To the

extent that provisions in an RFP are inaccurate, vague and ambiguous, offerors may

interpret RFP provisions differently and therefore submit offers based on varying or

incorrect understandings of those provisions.  Accordingly, such incorrect, vague and

ambiguous provisions in an RFP violate CICA because the result is an unlevel playing

field in which offerors essentially are not competing and pricing for the same work, and

the agency does not meet the requirement of full and open competition.

18.     By including impermissibly vague and ambiguous provisions in the RFP,

the Army failed to comply with CICA because it created an unlevel playing field for

---

[2] The letter reads "November 5, 2012" in error. *See* footnote 1, *supra.*

6

bidders in that Global Development's low bid almost certainly reflected a different and unrealistic understanding of the technical requirements of the contract.

19.     As a result this failure to conform to the applicable governing law and administrative rules and regulations, the Army's actions are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

20.     To permit the Army to award the GTMO Seminars Contract to Global Development would result in irreparable harm in that it would impact TAES' past performance rating detrimentally.  Moreover, given that Global Development's staffing approach will not permit it to execute the contract successfully, that failure will impact upon the operations of the Guantanamo Bay detention facility, and may therefore have an impact upon the national security of the United States.

## COUNT II –
## THE AWARD TO GLOBAL DEVELOPMENT IS ARBITRARY, CAPRICIOUS, OR OTHERWISE CONTRARY TO LAW IN THAT THE ARMY SHOULD NOT HAVE FOUND GLOBAL DEVELOPMENT'S PROPOSAL TECHNICALLY ACCEPTABLE

21.     TAES hereby incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint above, as if fully set forth herein.

22.     On information and belief, given the low amount of its bid, Global Development has proposed to use individuals for two or more of the seminars to be presented pursuant to the GTMO Seminars Contract.

23.     Given scheduling and other logistic issues, this approach to staffing will not permit Global Development to execute its contractual obligation to provide seminars successfully.  For this reason, the Army's conclusion that Global Development's proposal

was technically acceptable was arbitrary, capricious, and otherwise not in accordance with law and/or not justified by the facts.

24.     Because the RFP provided that the Army would select the lowest bid that was technically acceptable, a correct conclusion that Global Development's bid was technically unacceptable would preclude an award of the GTMO Seminars Contract to Global Development.

### PRAYER FOR RELIEF

**WHEREFORE**, TAES prays for judgment and relief as follows:

A.     For an Emergency Temporary Restraining Order and Preliminary Injunction restraining and enjoining the Army from proceeding with the award of the GTMO Seminars Contract to Global Development;

B.     For a permanent injunction and Order a permanent injunction directing the Army to take corrective action with regard to the language of the RFP and/or to reconsider the technical sufficiency of the proposals submitted for this contract, and to make a new award based on that corrected consideration;

C.     For reasonable attorney fees and costs as allowed by law or by contract; and

D.      For such other relief as the Court deems just and equitable.

Dated: November 12, 2013                    Respectfully submitted,

                                            A./Jeff Ifrah
                                            jeff@ifrahlaw.com

                                            David B. Deitch
                                            ddeitch@ifrahlaw.com

                                            IFRAH PLLC
                                            1717 Pennsylvania Avenue, Suite 650
                                            Washington, D.C. 20006
                                            Telephone: (202) 524-4140
                                            Facsimile: (202) 524-4141

                                            Attorneys for Plaintiff,
                                            *Torres Advanced Enterprise Solutions, LLC*